```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION

JACK ROBBINS,

        Plaintiff,

v.                            Case No:  2:22-cv-756-JES-MRM

FLORIDA CANCER SPECIALISTS &
RESEARCH INSTITUTE, LLC,

        Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #17) filed on February 10, 2023. Plaintiff filed a Response in Opposition (Doc. #19) on March 3, 2023.  For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Jack Robbins's (Plaintiff or Mr. Robbins) Amended Complaint makes the following factual allegations:  Plaintiff is 62 years old, Jewish, and has twenty-two years of human resources experience, including seven years as a Director of Human Resources with his former employer. (Doc. #14, ¶¶ 14-15, 18.) Plaintiff began working for defendant Florida Cancer Specialists & Research Institute, LLC (Defendant or FCSRI) on August 26, 2022, as its Director of Human Resources (Id., ¶ 13), and was fired about two weeks later. (Id., ¶ 22.) For those two weeks, Plaintiff performed

1

his job with FCSRI in a satisfactory manner and received no "write-ups" during his employment. (Id., ¶ 17.)

On or around September 1, 2022, about a week after being hired, Plaintiff's manager discovered Plaintiff's age and informed Plaintiff that "[i]f I knew you were 62 I never would have hired you." (Id., ¶ 19.) Five days later, Plaintiff requested to take off September 26, 2022 to celebrate the Jewish holiday, Rosh Hashanah. (Id., ¶ 20.) Plaintiff's manager responded that "[y]ou people are always asking for something," a reference Plaintiff took as referring to his Jewish religion. (Id., ¶ 21.) On September 9, 2022, Defendant terminated Plaintiff's employment, which plaintiff asserts was due to discrimination based on his age and religion. (Id., ¶ 22.) Plaintiff asserts two claims against Defendant for alleged: (1) age discrimination, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (ADEA), and (2) religious discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) (Title VII). (Id., pp. 3, 5.)

Defendant moves for dismissal of both discrimination claims, arguing that the Amended Complaint's legal conclusions and bare factual allegations are not sufficient to state a claim upon which relief may be granted under either the ADEA or Title VII. (Doc. #17, p. 4.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Phx. Entm't Partners, LLC v. Casey Rd. Food & Bev., LLC, 728 F. App'x 910, 912 (11th Cir. 2018). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual

3

allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, it is unlawful under Title VII to discharge or otherwise discriminate against an individual "because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). The Supreme Court has made clear that a plaintiff does not need to establish a prima facie discrimination case in order to survive a Rule 12(b)(6) motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Plaintiff must still satisfy the basic pleading standards to allege unlawful discrimination. See Castillo v. Allegro Resort Mktg., 603 F. App'x 913, 917 (11th Cir. 2015) ("Still, in order to avoid dismissal, a plaintiff's complaint must provide enough factual

4

matter (taken as true) to suggest intentional discrimination." (cleaned up)). See also Powers v. Sec'y, U.S. Homeland Sec., 846 F. App'x 754, 758 (11th Cir. 2021). "In other words, [Plaintiff] must plausibly allege that [Defendant] discriminated against h[im] based on h[is] age [or religion]." Booth v. GTE Fed. Credit Union, No. 8:21-cv-1509-KKM-JSS, 2021 WL 5416690, 2021 U.S. Dist. LEXIS 224333, at *6 (M.D. Fla. Nov. 20, 2021).

Plaintiff alleges direct evidence of age discrimination and circumstantial evidence of religious discrimination in the Amended Complaint. Plaintiff's manager, apparently the person who hired him, stated within a week of hiring Plaintiff that "[i]f I knew you were 62 I never would have hired you." Within another week, Plaintiff's employment had been terminated. Plaintiff bases his religious discrimination claim upon his manager's statement that "[y]ou people are always asking for something", which was made after Plaintiff asked for time off for a Jewish holiday. (Doc. #1, ¶ 21.) Just three days after this statement, Plaintiff was terminated. Viewing the allegations in a light most favorable to Plaintiff, the alleged facts are adequate to raise Plaintiff's right to relief above a speculative level. This is all that was required at the pleading stage. See Castillo, 603 F. App'x at 917.

5

Accordingly, it is now

**ORDERED:**

Defendant Florida Cancer Specialists & Research Institute, LLC's Motion to Dismiss and Incorporated Memorandum of Law (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of March, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record